**HCDistrictclerk.com**      JAFF, RAMAZAN vs. NAUTILUS INSURANCE            6/18/2021
                          COMPANY
                          Cause: 202127728        CDI: 7      Court: 269

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

CASE DETAILS

| | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 5/10/2021 | **Court** | 269th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 13) HOUSTON, TX 77002 Phone:7133686370 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | OTHER CIVIL | | |
| **Next/Last Setting Date** | N/A | **JudgeName** | CORY SEPOLIO |
| **Jury Fee Paid Date** | 5/10/2021 | **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| JAFF, RAMAZAN | PLAINTIFF - CIVIL | | SIGMAN, RENE MICHELLE |
| NAUTILUS INSURANCE COMPANY | DEFENDANT - CIVIL | | ARNOLD, GEORGE |
| JAFF, CHONG (DBA LONG POINT PLAZA) | PLAINTIFF - CIVIL | | SIGMAN, RENE MICHELLE |
| LONG POINT PLAZA | PLAINTIFF - CIVIL | | SIGMAN, RENE MICHELLE |

**EXHIBIT A**

| | | |
|---|---|---|
| WILCOX, BRYANT | DEFENDANT - CIVIL | |
| CRC INSURANCE SERVICES-SCU-DALLAS | DEFENDANT - CIVIL | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES INC | DEFENDANT - CIVIL | WILKIN, BRUCE RAMSEY |
| EMBRY, PATRICK | DEFENDANT - CIVIL | WILKIN, BRUCE RAMSEY |
| NAUTILUS INSURANCE COMPANY MAY BE SERVED BY SERVING THEIR AGENT | REGISTERED AGENT | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES INC MAY BE SERVED BY SERVING ITS | REGISTERED AGENT | |
| CRC INSURANCE SERVICES, INC. D/B/A SCU | DEFENDANT - CIVIL | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 6/17/2021 | ANSWER ORIGINAL PETITION | | | 0 | | NESBITT, PAUL K. | CRC INSURANCE SERVICES, INC. D/B/A SCU |
| 6/11/2021 | ANSWER ORIGINAL PETITION | | | 0 | | WILKIN, BRUCE RAMSEY | SEDGWICK CLAIMS MANAGEMENT SERVICES INC |
| 6/11/2021 | ANSWER ORIGINAL PETITION | | | 0 | | ARNOLD, GEORGE | NAUTILUS INSURANCE COMPANY |
| 6/11/2021 | ANSWER ORIGINAL PETITION | | | 0 | | WILKIN, BRUCE RAMSEY | EMBRY, PATRICK |
| 5/10/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 5/10/2021 | ORIGINAL PETITION | | | 0 | | SIGMAN, RENE MICHELLE | JAFF, CHONG (DBA LONG POINT PLAZA) |
| 5/10/2021 | ORIGINAL PETITION | | | 0 | | SIGMAN, RENE MICHELLE | JAFF, RAMAZAN |
| 5/10/2021 | ORIGINAL PETITION | | | 0 | | SIGMAN, RENE MICHELLE | LONG POINT PLAZA |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | WILCOX, BRYANT | 5/10/2021 | 5/10/2021 | | | | 73868888 | E-MAIL |
| | 40634 N PANTHER CREEK TR ANTHEM AZ 85086 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | CRC INSURANCE SERVICES-SCU-DALLAS | 5/10/2021 | 5/10/2021 | 5/24/2021 | | | 73868889 | E-MAIL |
| | 7557 RAMBLER RD SUITE 300 LOCKBOX 24 DALLAS TX 75231 | | | | | | | | | |
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | EMBRY, PATRICK | 5/10/2021 | 5/10/2021 | 5/21/2021 | | | 73868899 | E-MAIL |
| | 14811 BRONZE FINCH DR CYPRESS TX 77433 | | | | | | | | | |

| CITATION (NON-RESIDENT) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | NAUTILUS INSURANCE COMPANY MAY BE SERVED BY SERVING THEIR AGENT | 5/10/2021 | 5/10/2021 5/19/2021 | 73868900 | E-MAIL |

7233 E BUTHERUS DR SCOTTSDALE AZ 85260

| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | SEDGWICK CLAIMS MANAGEMENT SERVICES INC MAY BE SERVED BY SERVING ITS | 5/10/2021 | 5/10/2021 5/21/2021 | 73868902 | E-MAIL |

211 E 7TH ST SUITE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 96410071 | CRC Insurance Services, Inc.'s Original Answer | | 06/17/2021 | 8 |
| 96299226 | Defendants Sedgwick Claims Management Services, Inc. and Patrick Embry's Original Answer | | 06/11/2021 | 6 |
| | Defendants Sedgwick Claims Management Services, Inc. and Patrick Embry's Original Answer | | 06/11/2021 | |
| 96313995 | Defendant Nautilus Insurance Company's Verified Original Answer to Plaintiffs' Original Petition and Plea in Abatement | | 06/11/2021 | 4 |
| 96040334 | Affidavit of Service | | 05/26/2021 | 1 |
| 96023464 | Return of Service | | 05/25/2021 | 1 |
| 95972437 | Return of Service | | 05/21/2021 | 1 |
| 95973380 | Return of Service | | 05/21/2021 | 1 |
| 95740896 | PLAINTIFFS' ORIGINAL PETITION | | 05/10/2021 | 31 |
| | PLAINTIFFS' ORIGINAL PETITION | | 05/10/2021 | |
| 95752609 | eIssue: CITATION NON-RESIDENT | | 05/10/2021 | 2 |
| 95752625 | eIssue: Citation | | 05/10/2021 | 2 |
| 95752638 | eIssue: Citation | | 05/10/2021 | 2 |
| 95752657 | eIssue: CITATION NON-RESIDENT | | 05/10/2021 | 2 |
| 95752674 | eIssue: Citation | | 05/10/2021 | 2 |

5/8/2021 8:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53251774
By: Maria Rodriguez
Filed: 5/10/2021 12:00 AM

CAUSE NO._____

| | | |
|---|---|---|
| **RAMAZAN JAFF and** | § | **IN THE DISTRICT COURT OF** |
| **CHONG JAFF** | § | |
| **DBA LONG POINT PLAZA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NAUTILUS INSURANCE COMPANY,** | § | |
| **BRYANT WILCOX,** | § | |
| **CRC INSURANCE SERVICES** | § | |
| **– SCU – DALLAS,** | § | |
| **SEDGWICK CLAIMS** | § | |
| **MANAGEMENT SERVICES, INC.,** | § | |
| **PATRICK EMBRY** | § | |
| | § | |
| *Defendants.* | § | \_\_\_\_ TH **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE:

**COME NOW**, Ramazan Jaff and Chong Jaff DBA Long Point Plaza ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Nautilus Insurance Company ("Nautilus"), Bryant Wilcox ("Wilcox"), CRC Insurance Services – SCU – Dallas ("SCU"), Sedgwick Claims Management Services, Inc. ("Sedgwick"), and Patrick Embry ("Embry") (at times referenced herein as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case stems from an insurance dispute arising out of a severe hail and windstorm on or about May 9, 2019, which severely damaged Plaintiffs' Property in Houston,

1

Texas. This dispute involves complex issues stemming from violations of the Texas Insurance Code and the insurance policy at issue. The parties will be involved in detailed discovery concerning claims handling practices, denial and payment of claims, including Plaintiffs' claim, and the systematic approach by Nautilus and its adjusters in handling these types of property claims.

**PARTIES**

2.     Plaintiffs **Ramazan Jaff and Chong Jaff DBA Long Point Plaza** own and operate a commercial building in Houston, Harris County, Texas.

3.     Defendant **Nautilus** is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served by serving their agent for service of process, Thomas M. Kuzma, 7233 E Butherus Dr., Scottsdale, Arizona 85260, who is authorized to accept service on behalf of Nautilus Surplus Lines Insurance Company.

4.     Defendant **Bryant Wilcox** is an individual residing in and domiciled in the State of Arizona and at all times material to the allegations in this petition has done business in the State of Texas as an adjuster. This Defendant may be served personally with service of process at his residence at 40634 N. Panther Creek Tr., Anthem, Maricopa County, Arizona 85086.

5.     Defendant **SCU** is an insurance agency doing business in the State of Texas. This Defendant may be served at its principal place of business at 7557 Rambler Rd., Suite 300, Lock Box 24, Dallas, Texas 75231.

6.     Defendant **Sedgwick Claims Management Services, Inc.** is a third-party adjusting company engaging in the business of insurance adjusting in the State of Texas. This Defendant may be served by serving its agent for service of process, Corporation Service Company D/B/A CSC-Lawyers Inco, 211 E. 7th St., Suite 620, Austin, Travis County, Texas, who is authorized to

accept service on behalf of Sedgwick Claims Management Services, Inc.

7.      Defendant **Patrick Embry** is an individual residing in and domiciled in the State of Texas and at all times material to the allegations in this petition has done business in the State of Texas as an adjuster. This Defendant may be served personally with service of process at his residence at 14811 Bronze Finch, Dr., Cypress, Harris County, Texas 77433.

## JURISDICTION

8.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

9.      The Court has jurisdiction over Defendant Nautilus because this Defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

10.     The Court has jurisdiction over Defendant Wilcox because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

11.     The court has jurisdiction over Defendant SCU because this Defendant is an insurance agent that engages in the business of issuing insurance policies in the State of Texas, and the Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

12.     The court has jurisdiction over Defendant Sedgwick because this Defendant is an adjusting company that engages in the business of adjusting in the State of Texas, and the Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

13.     The Court has jurisdiction over Defendant Embry because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

14. Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

15.     Plaintiffs are the owners of a Commercial General Liability Insurance Policy (the "Policy"), issued by Nautilus and SCU to insure their property located at 8561 Long Point Rd., Houston, Texas 77055 (the "Property").

16.     On or about May 9, 2019 Plaintiffs' commercial property sustained damage as a result of a severe wind and hailstorm which resulted in damage to the Plaintiffs roof, exterior, and interiors of the property. When Plaintiffs were able to view the aftermath of the wind and hailstorm, they found damage to the property inside multiple stores located within the property, due to the damage caused by the storm. Specifically, but not limited to, damage to the roof, exterior elevations of the building, and interior water damage in some of the units. The punctures and hail damage to the roof from the May 2019 storm caused water damage to the decking and ultimately saturated the roof, leading to the interior damage in multiple stores.

17.     Plaintiffs promptly informed Nautilus of the damages to their Property and filed a claim ("Claim"). Nautilus then assigned Sedgwick to adjust the claim on its behalf. Sedgwick assigned Defendant Patrick Embry to adjust the claim on behalf of Nautilus and SCU.

18.     On or about May 12, 2019, All-American Roofing obtained a hail impact report. The report indicated that there was golf ball sized hail where the Property is located and warned that "People

4

and animals outdoors will be injured. Expect damage to roofs, siding, windows, and vehicles." Multiple trained spotters in the area reported hail up to 2.5 inches in diameter according to the report.

19.     On June 26, 2019, Defendant Embry of Sedgwick submitted an estimate from the inspection of the property. Embry adjusted the damages on the claim for an RCV Value of $6,108.29, which is far from adequate enough to repair the damages to Plaintiffs property as a result of the hailstorm. Embry erroneously did not account for the damage of the roof in his estimate, leaving damage to Plaintiffs roof completely out.

20.     On or about June 6, 2019, Chuck Kersten with All-American Roofing submitted an estimate for the damage to Plaintiffs Property. AAR also sent a photo report that shows damage to the Plaintiffs Property. The Photo report by Kersten shows hail damage to the roof identified by Sedgwick. At one location on the roof Defendant Embry identifies seven hail impacts in one test square. The photo report also shows the saturated decking in the core samples taken and hail damage to many of pieces of equipment on the roof.   As a result of the wind and hailstorm, AAR's estimate accounted for damage to the roof, HVAC, exterior, signage, and interior for an RCV of $365,054.44.

21.     On August 1, 2019, an on-site inspection was conducted by Stephens, the second of the property. Despite the findings from the inspection acknowledging hail fall at the property, the Stephens inspection notes physical evidence of impact damage to the structure, but tries and allude that the size of the hail was not big enough to cause damage. The engineer notes irregular granule loss on the bitumen roofing but attributes it to bonding failure, algae accumulation, drainage deficiencies, and historical heat blisters. Almost every picture is accompanied with a comment that the damage is either cosmetic or mechanical in nature. The inspection goes on to state that there

5

was no damage caused by the storm even though the report states there was "random circular areas of missing granules, spatter marks, and indentations" found on the property. The Inspection also showed that there were hail impacts that removed granules from the roof Stephens was not able to enter the building to observe the interior damage but still comes to the conclusion that the water intrusion could not be from the storm.

22.     On or about August 14, 2019, Stephens submitted its report. In its report, Stephens, incorrectly states that there was no damage from the wind or hailstorm on May 9, 2019. The report that is submitted contradicts itself multiple times, claiming that there was no hailfall in the area of the property that was large enough to cause damage, while going on to say that there were trained spotters who reported up to 2.5 inches of hail in the area. There is no question that Stephens lived up to its reputation and provided a biased report, which was a product of an outcome-oriented investigation geared toward finding no storm damage.

23.     On September 18, 2019, Defendant Wilcox sent a denial letter to Plaintiffs on behalf of Defendant Nautilus. In his letter, Defendant Wilcox mentions that a site inspection was done by Defendant Embry who suggested an engineering firm inspect the property. Wilcox cites to provisions of the policy to falsely deny coverage. Wilcox specifically states that "The policy excludes coverage for damage that is the result of wear and tear, deterioration, or faulty, inadequate, or defective workmanship or maintenance. Furthermore, the policy does not provide coverage for interior rain water damage unless the roof or exterior wall first sustains damage caused by a covered cause of loss that allows the rain water to enter the building, which was not found here." Wilcox relied on Embry's estimate to adjust the claim for damages below the deductible value. Wilcox also attached the estimate made by Embry.

24.     On or about March 6, 2020, Plaintiffs hired Public Adjuster, James Howard, to help assist

with the claim. The Public Adjuster used Chuck Kersten with All-American Roofing to help investigate the claim on behalf of Plaintiffs.

25.     On May 21, 2020, Building Works International (BWI) conducted a rooftop inspection of the property with AAR and CASA Engineering. The roof was surveyed using a capacitance type moisture meter. Upon calibrating the tool with the roof, it became apparent the roof was reading 100% wet over extremely large portions of the roof.

26.     On July 31, 2020 BWI surveyed the roof by means of a visual inspection. During the inspection of the roof, three different test squares  were marked off and a number of obvious hail penetrations were identified. Also on site was CASA Engineering, which performed its Roof Damage assessment as well.

27.     On August 8, 2020 the Tramex RWS was revisited by BWI as an extra measure to verify the previous results. The meter was re-calibrated and the roof scanned a second time. The readings were duplicating the previous measurements, approximately 80% were identical or showed a higher saturation, showing the roof, was indeed saturated over a substantially large area. A thermal photo report was also made on the same day, confirming the roof saturation levels.

28.     On August 19, 2020, CASA Engineering produced the report from the previous inspection on July 31, 2020. In the report CASA confirms there were hail dents and spatter present on multiple parts of the roof. There was also extensive granule loss from hail strikes that were documented as well, which showed exposed fibers from the impacts. CASA also contests Stephens opinion that the granule damage was from heat blisters and provides evidence that the granule loss is from hail impacts. The CASA report also shows that hailfall that impacted the roof was over 1 inch in diameter, which is evident in the granule loss. CASA states that the whole roof needs to be replaced because granule loss is actually a structural damage that diminishes the integrity of the roof

structure.

29.     On September 20, 2020, Building Works International completed a Forensics Report on behalf of Plaintiffs, stemming from the previous inspection. Jeff Elrod completed a roof condition survey, capacitance testing, and infrared testing. BWI's report states that the hail size in the area at the time of the storm ranged from 1.75 inches to 2.5 inches. The report concludes that there was clear evidence of hail impacts on the roof of the building. Elrod and BWI concluded that "The damage is extensive and covers the bulk of the roof area. It will not be possible to spot repair or to select areas to patch as this entire roof has been damaged and code from the IBC requires new roofing."

30.     After months of frustration, Plaintiffs hired Merlin Law Group to assist with the resolution of the claim.

31.     From the procedural and factual background of this claim, it appears that the adjusters assigned by Nautilus and SCU were either improperly trained by Nautilus and SCU or failed to perform a thorough and reasonable investigation of the Claim. Nautilus and SCU relied upon the substandard investigations to adjust the Claim. Despite this, Nautilus and SCU have yet to accept responsibility and has failed to provide sufficient payment of damages for the Plaintiffs' Claim. Plaintiffs incurred significant damages to the Property and such damages were undervalued, under-scoped and all together overlooked.

32.     Plaintiffs' roof, gutters, walls, signs, ceilings, and several other areas of their Property, were damaged to the extent the items required and should have been approved by Nautilus and SCU to receive repairs. Nautilus and SCU failed to allow adequate funds to cover the cost of repairs to all the damages sustained.

33.     Nautilus and SCU personnel failed to thoroughly review and properly oversee the work of

8

their assigned adjusters, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' Claim. As a result of this unreasonable investigation, Plaintiffs were wrongfully denied payment and suffered damages.

34.     It is clear from these facts that Nautilus and SCU set out to deny and/or underpay Plaintiffs' properly covered damages. Nautilus and SCU failed to provide full coverage for the damages sustained by Plaintiffs, and under-scoped and undervalued the damages, thus denying adequate and sufficient payment to Plaintiffs.

35.     As a result of this unreasonable investigation by Nautilus and SCU, the Claim was improperly adjusted. The mishandling of the Claim has also caused a delay in Plaintiffs' ability to fully repair the property. To this date, Plaintiffs have yet to receive full payment under the insurance policy.

36.     Attributing to Nautilus and SCU's failure in accepting the adjusters' various unreasonable and unrealistic evaluations of damages, was Nautilus and SCU's further failure to adequately train and/or supervise the investigations conducted by Slomiany, Embry, Mathis, and Jenny, which resulted in the overall improper handling of Plaintiffs' Claim. Additionally, Nautilus and SCU's inside claims personnel failed to thoroughly review and properly oversee the work of these assigned claims representatives and adjusters, and ultimately approved an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' Claim. As a result of Defendant's misrepresentations, wrongful acts, and omissions set forth above and further described herein, Plaintiffs have yet to receive full payment under the policy which has caused significant delay in Plaintiffs' ability to fully repair their property. At this point, Plaintiffs were left with little choice but to retain the services of the law firm whose signatures appear below.

37.     With regard to Nautilus and SCU's handling of Plaintiffs' Claim, it failed to perform its

9

contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Nautilus and SCU refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Nautilus and SCU's conduct constitutes a breach of the insurance contract between Nautilus and SCU and Plaintiffs. Over a century ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss v. Nat'l City Bank,* 200 F. 287, 293 (S.D.N.Y. 1911). Simply stated, the insurance policy in effect between Plaintiffs and Nautilus and SCU is a contract wherein the insurance company, Nautilus and SCU, offers to provide insurance coverage and services associated therewith in exchange for the policyholder's payment of annual premiums in consideration of the contract. Texas law recognizes a cause of action for breach of contact. Pursuant to Texas law, either party to the contract can initiate legal action against the other party for violations of that contract that causes damages. A breach of contract claim is distinct and independent from a tort claim such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate and independent, yet they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy.

38.     From and after the time Plaintiffs' Claim was presented to Nautilus and SCU, the liability of Nautilus and SCU to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, to this day, Nautilus and SCU has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment.

39.     Nautilus and SCU's conduct constitutes not only a breach of contract but also constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs as insureds in an insurance contract. "Good faith and fair dealing" is defined as the degree and diligence for which a man of ordinary care and prudence would exercise in the management of his own business. *Arnold v. Nat'l Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). The concept of good faith and fair dealing in an insurance context is based in large part on the parties' special relationship formed from the parties' "unequal bargaining power." Insurers, like Nautilus and SCU, have the ability to more easily take advantage of policyholders like Plaintiffs, due to an insurer's exclusive control over the evaluation, processing, and denial of claims. This unlevel playing field between an insurer and its policyholders further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their policyholders which Nautilus and SCU breached in failing to deal fairly and in good faith with Plaintiffs.

40.     Nautilus and SCU's conduct also constitutes the commission of a tort for its violation of the Texas Insurance Code. Here, in Texas, the vast majority of insurance policies, including Nautilus and SCU's Policy contract with Plaintiffs, do not contain provisions to account for an insurance company's and/or its representatives' (potentially improper) tort acts or omissions undertaken through their handling of a claim. It cannot be denied that such conduct has a detrimental effect on policyholders, like Plaintiffs here, when a claim is unnecessarily drawn out and then ends with a poor result. To account for such tortious acts and omissions that fall outside the four-corners of the contract/policy language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers and regulate insurance professionals, like Nautilus and SCU. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any

11

person or entity engaged in the business of insurance in Texas must follow. Those duties and obligations are wholly independent of those to which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that, "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements that anyone conducting the business of insurance in Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiffs' Policy with Nautilus and SCU, which gives rise to a breach of contract claim, are silent as to these statutory provisions which give rise to a tort claim. These two bodies of law (contract and tort) are entirely independent areas of the law with independent issues, and with unique causes of action and damages, yet factually intertwined.

41.     Nautilus and SCU committed a tort when they violated the Texas Insurance Code by misrepresenting to Plaintiffs that the damage to their Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Nautilus and SCU further committed a tort when they violated the Texas Insurance Code by continually undervaluing and under-scoping the damages Plaintiffs incurred. Nautilus and SCU's misrepresentations caused Plaintiffs to suffer "actual damages" which, under the Insurance Code, are those recoverable at common law and which include benefit-of-the-bargain damages, commonly referred to as "policy benefits." These damages signify the difference of the value represented and the value received. Nautilus and SCU's conduct as described above and herein, constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(1).

12

42.     Policyholders, like Plaintiffs, can recover actual damages which are the "policy benefits" for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and for commission of other bad faith claims. Plaintiffs, therefore, are entitled to recover policy benefits which are the actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code. *Id.*

43.     Nautilus and SCU also failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Nautilus and SCU's conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Nautilus and SCU's conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially, in full, by Nautilus and SCU but were not. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code. *Id.*

44.     In addition, Nautilus and SCU failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement and failed to explain the reason why full payment was not being made. Furthermore, Nautilus and SCU neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim. Nautilus and SCU's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Nautilus and SCU's conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially by Nautilus and SCU. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code. *Id.*

13

45.     Furthermore, Nautilus and SCU failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding their full and entire Claim, in writing from Nautilus and SCU. Nautilus and SCU's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Nautilus and SCU's conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially by Nautilus and SCU but were not paid. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code. *Id.*

46.     Finally, Nautilus and SCU, refused to fully compensate Plaintiffs under the terms of the Policy, and further failed to conduct a reasonable investigation. Specifically, Nautilus and SCU performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in an unfair and inequitable evaluation of Plain tiffs' losses on the Property. Nautilus and SCU's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(7). Thus, Nautilus and SCU's conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially, in full, by Nautilus and SCU. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code. *Id.*

47.     After receiving notice of Plaintiffs' Claim, Nautilus and SCU failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' Claim, beginning an investigation of Plaintiffs' Claim, and requesting all information reasonably necessary to investigate Plaintiffs' Claim within the statutorily mandated time of receiving notice of Plaintiffs' Claim. Nautilus and SCU's conduct is a violation of Section 542.055 of the Texas Insurance Code

14

Prompt Payment Claims Act. *See* TEX. INS. CODE §542.055. Nautilus and SCU's conduct caused Plaintiffs to suffer actual damages which constitutes the loss of policy benefits to which they were entitled, and which should have been paid by Nautilus and SCU. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code. *Id.*

48.     Nautilus and SCU failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Nautilus and SCU's conduct constitutes a violation of Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.056. Nautilus and SCU's conduct caused Plaintiffs to suffer actual damages which constitutes the loss of policy benefits to which they were entitled, and which should have been paid, in full, by Nautilus and SCU. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code. *Id.*

49.     Nautilus and SCU failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiffs' Claim without delay. Specifically, Nautilus and SCU delayed full payment of Plaintiffs' Claim longer than allowed, and, to date, Plaintiffs have not received full payment of their Claim. Nautilus and SCU's conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.058. As a result of Nautilus and SCU's violation of this section of the Texas Insurance Code, Plaintiffs have lost policy benefits to which they were entitled, and which should have been paid, in full, by Nautilus and SCU timely but were not paid. Plaintiffs, therefore, are entitled to recover policy benefits as their actual damages for Nautilus and SCU's violation of this section of the Texas Insurance Code.

*Id.,*

50.     Defendants Nautilus and SCU, along with its agents Wilcox and Embry misrepresented to Plaintiffs that the damage to their Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Nautilus and SCU, along with its agents Wilcox and Embry's conduct constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(1).

51.     Defendants Nautilus and SCU, along with its agents Wilcox and Embry, failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Nautilus and SCU, along with its agents Wilcox and Embry's, conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(2)(A).

52.     Defendants Nautilus and SCU, along with its agents Wilcox and Embry, failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Defendants Nautilus and SCU, along with its agents, Wilcox and Embry failed to offer Plaintiffs adequate compensation, without any explanation of why full payment was not being made. Defendants Nautilus and SCU, along with its agents Wilcox and Embry, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim. Defendants Nautilus and SCU, along with its agents Wilcox and Embry 's, conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(3).

53.     Defendants Nautilus and SCU, individually, and by and through its agents, Wilcox and Embry, failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the

full and entire Claim, in writing from Defendants Nautilus and SCU individually, or from its agents, Wilcox and Embry. Defendants Nautilus and SCU's conduct individually, and by and through its agents' conduct, constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(4).

54.     Defendants Nautilus and SCU individually, and by and through its agents, Wilcox and Embry, refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Nautilus and SCU individually, and its agents, Wilcox and Embry, failed to conduct a reasonable investigation. Specifically, Defendants Nautilus and SCU individually, and by and through its agents, Wilcox and Embry, performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(7).

55.     From the time Plaintiffs' Claim was presented to Nautilus and SCU, the liability of Nautilus and SCU to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Nautilus and SCU has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Nautilus and SCU's conduct constitutes a breach of the common law duty of good faith and fair dealing.

56.     Defendants Nautilus and SCU individually, and by and through its agents, Wilcox and Embry, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed from Plaintiffs all or part of such material information.

57.     As a result of the wrongful acts and omissions by Defendants Nautilus and SCU individually, and by and through its agents, Wilcox and Embry, Plaintiffs were forced to retain the

professional services of the attorneys and law firm whose names appear below and who are representing them with respect to these causes of action.

58.    Plaintiffs' experience is not an isolated case. The acts and omissions Nautilus and SCU committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Nautilus and SCU with regard to handling these types of claims. Nautilus and SCU's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST NAUTILUS AND SCU ONLY

59.    As detailed above in the preceding paragraphs, Nautilus and SCU are liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

60.    Nautilus and SCU's conduct constitutes a breach of the insurance contract made between Nautilus and SCU. Defendants and Plaintiffs. Nautilus and SCU's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Nautilus and SCU's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

61.    Nautilus and SCU' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a)(1)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. See TEX.

Ins. Code §541.151.

62.     Nautilus and SCU's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1), constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(1).

63.     Nautilus and SCU's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Nautilus and SCU's liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(2)(A).

64.     Nautilus and SCU,' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(3).

65.     Nautilus and SCU,' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(4).

66.     Nautilus and SCU's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or

practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

67.     Nautilus and SCU's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* Tex. Ins. Code §542.060.

68.     Nautilus and SCU's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the Claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non- prompt payment of claims and violation of Section 542.055 of the Texas Insurance Code. *See* Tex. Ins. Code §542.055.

69.     Nautilus and SCU's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim *See* Tex. Ins. Code §542.056.

70.     Nautilus and SCU's delay of the payment of Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, is a violation of Section 542.058 and constitutes a non-prompt payment of the Claim. *See* Tex. Ins. Code §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

71.     As referenced and described above, and considering further conduct throughout this litigation and lawsuit, Defendants Sedgwick, Wilcox and Embry are agents of Nautilus and SCU based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of Nautilus and SCU. *See* Tex. Ins. Code §4001.051.

72.     Separately, and/or in the alternative, as referenced and described above, Nautilus and SCU

ratified the actions and conduct of Defendants Sedgwick, Wilcox and Embry, including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

73.     Because an insurer has the ability and more easily can take advantage of the insured due to an insurers exclusive control over the evaluation, processing and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith with their insureds." Nautilus and SCU's conduct constitutes a breach of the common law of good faith and fair dealing owed to insureds like Plaintiffs in insurance contracts.

74.     Nautilus and SCU's conduct however, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Nautilus and SCU failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Nautilus and SCU refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property and to restore it. Thus, from and after the time Plaintiffs' Claim was presented to Nautilus and SCU, the liability of Nautilus and SCU to pay the full Claim in accordance with the terms of the Policy was reasonably clear and there was no basis upon which a reasonable insurer would have relied to deny the full payment.

75.     Nautilus and SCU's failure, as described above, to investigate and evaluate Plaintiffs' Claim, and to pay the full proceeds of the Policy, although, at that time, Nautilus and SCU knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing adequately and reasonably. Nautilus

and SCU's conduct has caused Plaintiffs to lose policy benefits to which they were entitled, and

which should have been paid, in full, by Nautilus and SCU, but were not.

## CAUSES OF ACTION AGAINST DEFENDANTS SEDGWICK, WILCOX AND EMBRY

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

76.     Nautilus and SCU assigned Sedgwick, Wilcox and Embry to oversee the adjustment of

Plaintiffs' claim. Sedgwick, Wilcox and Embry were improperly trained to handle claims of this

nature and performed unreasonable investigations of Plaintiffs' damages as explained in detail

above and referenced herein. During their investigations, the adjusters failed to properly assess

Plaintiffs' storm damages. Defendants failed to include in their estimates all covered property

items that were damaged and completely failed to recognize or claim some of the damages to

Plaintiffs' property. In addition, the damages that Defendants did include were severely

underestimated. Defendants determined that the damages were either not covered under the Policy

and/or valued the damages well below the actual amount of damages to the Property.

77.     Sedgwick, Wilcox and Embry 's conduct constitutes multiple violations of the Texas

Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a). All violations

under this article are made actionable by TEX. INS. CODE §541.151.

78.     Sedgwick, Wilcox and Embry are each individually liable for their unfair and deceptive

acts, irrespective of the fact they were acting on behalf of Nautilus and SCU, because they are each

a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any

individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds

plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including

an *agent*, broker, *adjuster* or life and health insurance counselor." *See* TEX. INS. CODE §541.002(2)

(emphasis added). (*See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966

22

S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

79.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Sedgwick, Wilcox and Embry's unfair settlement practices, as described above and by example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

80.     Sedgwick, Wilcox and Embry's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nautilus and SCU's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

81.     Sedgwick Wilcox and Embry failed to explain to Plaintiffs the reasons for the offer of an inadequate settlement or provide any explanation as to why full payment was not being made. Sedgwick, Wilcox and Embry neither communicated that any future settlements or payments would be forthcoming to pay for all the losses covered under the Policy, nor did they provide any

23

explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practices of Sedgwick, Wilcox and Embry as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

82.     Sedgwick, Wilcox and Embry's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

83.     Sedgwick, Wilcox and Embry failed to properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although such were reported by Plaintiffs to Nautilus and SCU. Sedgwick, Wilcox and Embry 's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

#### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: MISREPRESENTATIONS OF INSURANCE POLICY

84.     Defendants Wilcox, Embry, Sedgwick, SCU and Nautilus' misrepresentations and/or failures to disclose material facts relating to Nautilus and SCU's insurance coverage, as described above, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(1). *See also* TEX. INS. CODE

§541.051(1)(A)(B).

85.     Defendants Wilcox, Embry, Sedgwick, SCU, and Nautilus misrepresentations and/or failures to disclose or state material facts relating to insurance coverage, as described above, necessary to make other statements not misleading, considering the circumstances under which the statements were made or not made, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(2).

86.     Defendants Wilcox, Embry, Sedgwick, SCU, and Nautilus' misrepresentations and/or failure to disclose or state material facts relating to insurance coverage, as described above, which statements were made in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(3).

### FRAUD

87. Defendants are liable to Plaintiffs for common law fraud.

88.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Nautilus, SCU, Sedgwick, Wilcox and Embry knew were false or made recklessly without any knowledge of their truth as a positive assertion.

89.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### FRAUD BY NONDISCLOSURE

90.     Defendants Nautilus, SCU, Sedgwick, Wilcox and Embry are liable to Plaintiffs for fraud by nondisclosure. Because of the parties' special relationship, Defendants had a duty to disclose

25

material facts to Plaintiffs. Defendants failed to disclose the material facts of their estimates, evaluations, and determinations. They failed to disclose that they sold a policy to Plaintiffs that would not cover the damages that occurred, instead, trying to find every way not to pay the damages. It is clear the policy covers the damages. It is clear there was weather related damage to the property. Nautilus and SCU failed to disclose that they were performing an outcome-oriented investigation and finding a way not to pay the claim. In this case by determining the damages were less than the deductible, which lead to a zero payment. It was not a question of if the storm caused the damage but a question of how much it would cost to repair the damages from the storm. Nautilus and SCU's claims assessment was woefully inadequate. Specifically, by not advising Plaintiffs of what additional information and documentation Defendants Nautilus and SCU would consider in support of Plaintiffs' Claim. Defendants knew that Plaintiffs did not have an equal opportunity with Defendants, to obtain a copy of the estimates and other documents requested by Plaintiffs, or to discover independently the specific damage items listed in Defendants' estimates and documents related to Plaintiffs' Property. By intentionally failing to disclose material information that could have a significant outcome on the Claim, Defendant individually, and by and through its agents, intended to induce Plaintiffs to blindly accept Defendants' insufficient investigations and estimates which concluded that the Property had not suffered significant damage as a result of the storm.

91.    Furthermore, Defendants Nautilus and SCU failed to provide full coverage for the roof of Plaintiffs' house. Plaintiffs had detrimentally relied on Nautilus and SCU to obtain the requested coverage. Nautilus and SCU made material misrepresentations about the policy of insurance sold to Plaintiffs. Plaintiffs relied on those statements and believed the policy provided full coverage

for their roof. Plaintiffs' case is not isolated.

92.     By its conduct Defendants intended for Plaintiffs to simply rely on and accept Defendants' evaluations, estimates, and minimal payment for damages and go away. However, Plaintiffs did not simply go away. Plaintiffs suffered injury from Defendants' fraud by nondisclosure conduct because, among other damages, if Defendants had considered and approved all of Plaintiffs' damages found from the beginning, Plaintiffs would have received proper payment for their Claim and could have quickly begun repairs to their Property and would not have suffered an even larger loss.

### CONSPIRACY TO COMMIT FRAUD

93.     Defendants Nautilus, SCU, Sedgwick, Wilcox and Embry are liable to Plaintiffs for conspiracy to commit fraud. Nautilus, SCU, Sedgwick, Wilcox and Embry were members of a combination of two or more persons who object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs. Nautilus, SCU, Sedgwick, Wilcox and Embry committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate cause.

### KNOWLEDGE

94.     Each of the acts described above and herein, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

### DISCOVERY RULE

95.     As to any claim by Defendant that any Statute of Limitations applies to bar any of Plaintiffs' causes of action, Plaintiffs expressly invoke the discovery rule, as that term is known

27

and understood under Texas law.

## CONDITIONS PRECEDENT

96.    All conditions precedent to the Plaintiffs' claims for relief have been performed or have occurred and Nautilus and SCU waived the same. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A and pre-litigation alternative dispute resolution, if any.

## DAMAGES

97.    Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

98.    As previously mentioned, the damages caused by this weather event have not all been properly addressed or repaired in the months since the event, causing further damages to the property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of the mishandling of Plaintiffs' Claim by Defendants Nautilus and SCU individually, in violation of the laws set forth above.

99.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, for their purchase of the Policy and which is the amount of their Claim, together with attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to Plaintiffs' Claims for relief have been performed or have occurred and/or Nautilus and SCU has waived the same.

100.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. *See* TEX.

INS. CODE §541.152.

101.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiffs are entitled to simple interest on the amount of their Claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. *See* TEX. INS. CODE §542.060.

102.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

103.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

104.    For fraud by non-disclosure, Plaintiffs are entitled to recover actual damages and exemplary damages for making knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

105.    For conspiracy to commit fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for making knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

106.    For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of

Texas.

## JURY DEMAND

Plaintiffs previously requested a jury trial of all of their causes of action alleged herein with a jury consisting of citizens residing in Harris County, Texas and Plaintiffs paid the appropriate jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**Merlin Law Group, P.A.**

BY:   */s/ René M. Sigman*
René M. Sigman, Esq.
State Bar No. 24037492
rmsdocket@merlinlawgroup.com
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

30

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of May 2021, a true and correct copy of the above document has been forwarded to all counsel of record in this cause in accordance with the Texas Rules of Civil Procedure.

*/s/ René M. Sigman*
René M. Sigman, Esq.

5/21/2021 3:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53702405
By: F Abdul-Bari
Filed: 5/21/2021 3:46 PM

## CAUSE NUMBER: 2021-27728

**RAMAZAN JAFF AND CHONG JAFF DBA
LONG POINT PLAZA
PLAINTIFF**

**VS.**

          **IN THE 269TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY, TEXAS**

**NAUTILUS INSURANCE COMPANY,. ET
AL
DEFENDANT**

### RETURN OF SERVICE

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Friday May 14, 2021 AT 09:02 AM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **SEDGWICK CLAIMS MANAGEMENT SERVICE INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO**.

On **Friday May 21, 2021** at **12:14 PM -** The above named documents were hand delivered to: **SEDGWICK CLAIMS MANAGEMENT SERVICE INC BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO @ 211 E 7TH ST SUITE 620**, AUSTIN , **TX 78701**, **in Person.** By delivering to Samantha Guerra, designated agent.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                       DECLARATION

"My name is **D'ANN WATHEN,** my date of birth is 12/21/1971 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Harris County, State of Texas on Friday May 21, 2021**

  **/s/D'ANN WATHEN**            **PSC#6622 EXP. 06/30/21**
Declarant                        Appointed in accordance with State Statutes

                             **2021.05.559725**

5/21/2021 4:15 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53704776
By: F Abdul-Bari
Filed: 5/21/2021 4:15 PM

## CAUSE NUMBER: 2021-27728

**RAMAZAN JAFF AND CHONG JAFF DBA**
**LONG POINT PLAZA**
**PLAINTIFF**

**VS.**

**IN THE 269TH JUDICIAL DISTRICT**
**COURT OF HARRIS COUNTY, TEXAS**

**NAUTILUS INSURANCE COMPANY,. ET**
**AL**
**DEFENDANT**

### RETURN OF SERVICE

My name is **LUCIOUS G. BUGGS, IV**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Friday May 14, 2021 AT 09:02 AM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **PATRICK EMBRY**.

On **Friday May 21, 2021** at **07:30 AM -** The above named documents were hand delivered to: **PATRICK EMBRY @ 14811 BRONZE FINCH DR, CYPRESS, TX 77433, in Person.**

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                          DECLARATION

"My name is **LUCIOUS G. BUGGS, IV,** my date of birth is 10/24/1970 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **County, State of Texas on Friday May 21, 2021**

 **/s/LUCIOUS G. BUGGS, IV**                          **PSC#4127 EXP. 08/31/22**
Declarant                          Appointed in accordance with State Statutes

**2021.05.559719**

5/25/2021 4:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53805287
By: F Abdul-Bari
Filed: 5/25/2021 4:33 PM

## CAUSE NUMBER: 2021-27728

**RAMAZAN JAFF AND CHONG JAFF DBA**
**LONG POINT PLAZA**
**PLAINTIFF**

**VS.**

**NAUTILUS INSURANCE COMPANY,. ET**
**AL**
**DEFENDANT**

**IN THE 269TH JUDICIAL DISTRICT**
**COURT OF HARRIS COUNTY, TEXAS**

### RETURN OF SERVICE

My name is **GUY CONNELLY**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY,  TX 77009, U.S.A.

ON **Friday May 14, 2021 AT 09:02 AM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **CRC INSURANCE SERVICES-SCU-DALLAS** .

On **Monday May 24, 2021** at **02:35 PM -** The above named documents were hand delivered to: **CRC INSURANCE SERVICES-SCU-DALLAS @ 7557 RAMBLER RD SUITE 300 LOCK BOX, DALLAS, TX 75231, in Person.** By delivering to Jill Folgate, Office Manager.

**FURTHER AFFIANT SAYETH NOT.**

STATE OF TEXAS                                    DECLARATION

"My name is **GUY CONNELLY,** my date of birth is 11/04/1951 my business address is **1320 QUITMAN STREET, HOUSTON, TX  77009,** and I declare under penalty of perjury that this affidavit is true and correct."

Executed in **Dallas County, State of Texas on Monday May 24, 2021**

**  /s/GUY CONNELLY**                        PSC#2201 EXP. 09/30/22
Declarant                                              Appointed in accordance with State Statutes

2021.05.559710

5/26/2021 2:28 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53841127
By: F Abdul-Bari
Filed: 5/26/2021 2:28 PM

NO. 2021-27728

| | | |
|---|---|---|
| RAMAZAN JAFF AND CHONG JAFF DBA LONG POINT PLAZA | § § § | |
| | § | IN THE 269TH JUDICIAL DISTRICT COURT OF HARRIS |
| VS. | § § | COUNTY, TEXAS |
| NAUTILUS INSURANCE COMPANY , ET AL | § | |

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, Janice Leitner_____ (Process Server), personally appeared on this 21 day of May__, 2021 and stated under oath as follows:

1. My name is Janice Leitner_____ (server), i am authorized to deliver Texas Legal documents under rule 108 T.R.C.P.. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:
2260 N. Hayden St #100 Scottsdale, Az 85251 (SERVERS ADDRESS)

2. ON 5/17/21 (DATE) AT 12 : 00 (p)M (TIME) CITATION, PLAINTIFF'S ORIGINAL PETITION, came to hand for delivery to NAUTILUS INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT THOMAS M KUZMA.

3. ON 5/19/21 (DATE) AT 3 : 00 (pM)M (TIME) The above named documents were hand delivered to: NAUTILUS INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT THOMAS M KUZMA by hand delivering to:

John Briggs, Vice President_____
(NAME AND TITLE) a person authorized to accept service @

7233 E Butherus Dr. Scottsdale, AZ 85260
(ADDRESS), in Person, in accordance to Rule 108 TRCP.

FURTHER AFFIANT SAYETH NOT.

Janice L Leitner
SERVER'S SIGNATURE

Janice L Leitner
SERVER'S PRINTED NAME

SWORN TO AND SUBSCRIBED before me by Janice L. Leitner (server) appeared on this 21st day of May, 2021 to attest witness my hand and seal of office.

PETER C MONTES
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
December 12, 2021

Peter C Montes
NOTARY PUBLIC IN AND
FOR THE STATE OF Arizona
2021.05.559716

6/11/2021 10:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54326458
By: A Davis
Filed: 6/11/2021 10:20 AM

## CAUSE NO. 2021-27728

| | | |
|---|---|---|
| **RAMAZAN JAFF and CHONG JAFF** | § | **IN THE DISTRICT COURT OF** |
| **d/b/a LONG POINT PLAZA** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **NAUTILUS INSURANCE COMPANY,** | § | |
| **BRYANT WILCOX, CRC INSURANCE** | § | |
| **SERVICES – SCU – DALLAS,** | § | |
| **SEDGWICK CLAIMS MANAGEMENT** | § | |
| **SERVICES, INC., and PATRICK EMBRY** | § | |
| | § | |
| *Defendants.* | § | **269th JUDICIAL DISTRICT** |

## DEFENDANTS SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.
## AND PATRICK EMBRY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. and PATRICK EMBRY (collectively "Defendants"), and file this Original Answer in response to the causes of action brought by Plaintiffs RAMAZAN JAFF and CHONG JAFF d/b/a LONG POINT PLAZA ("Plaintiffs").  In support, Defendants would respectfully show the Court as follows:

## GENERAL DENIAL

1.      Defendants assert a General Denial as authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE and respectfully request that the Court and Jury require Plaintiffs to prove Plaintiffs' claims, charges, and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.  Defendants further reserve the right to amend this answer at a future date in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

1

## **ALTERNATIVE AND/OR AFFIRMATIVE DEFENSES AND DENIALS**

2.       Without waiving the foregoing, and for further answer, if any be necessary, Defendants assert the following conjunctive and/or alternative specific denials, alternative defenses, and affirmative defenses:

3.       Pleading further and in the alternative, without waiving the foregoing, Defendants assert that the actions of Plaintiffs were, in whole or in part, a proximate cause or producing cause of the occurrence in question and/or the alleged damages.

4.       Pleading further and in the alternative, without waiving the foregoing, Defendants assert that the occurrence in question and/or the alleged damages were proximately caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendants have no right of control nor for whom Defendants are legally responsible.  Furthermore, to the extent the acts and/or omissions for which Plaintiffs complain were committed by persons subject to Defendants' supervision and control, Plaintiffs' claims are barred against Defendants, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendants.

5.       Pleading further and in the alternative, without waiving the foregoing, Defendants assert that Plaintiffs' claims are barred against Defendants, in whole or in part, because the occurrence in question and the alleged damages, if any, occurred as the proximate result of some independent intervening cause that Defendants could not reasonably have foreseen and over which Defendants do not exercise any authority or control.

6.       Pleading further and in the alternative, without waiving the foregoing, Defendants assert that, in the event Defendants are found liable to Plaintiffs, any such liability being expressly denied, Defendants are entitled to contribution, credit, and/or indemnity, as provided by the laws

and statutes of the State of Texas including, but not limited to, the provisions of Chapters 32 and 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, as well as other applicable laws and statutes.

7.      Pleading further and in the alternative, without waiving the foregoing, Defendants assert that Plaintiffs failed, either in whole or in part, to mitigate damages as required under applicable law.

8.      Defendants are not in privity of contract with Plaintiffs and deny that they breached any contract or violated any statutory or common law duty owed to Plaintiffs.

9.      Defendants deny that they violated the TEXAS INSURANCE CODE.

10.     Defendants did not engage in unfair settlement practices.

11.     Defendants plead the doctrine of comparative good faith and fair dealing as an equitable factor in adjudging the relative positions of the parties in this case.

12.     Plaintiffs' extra-contractual claims are barred because their contract claims are barred.

13.     Plaintiffs' extra-contractual claims are also barred because Plaintiffs have no injury other than their alleged loss of policy proceeds.

14.     Defendants deny that they caused confusion or misunderstanding, that they made false or misleading statements, that they misrepresented or failed to disclose any material information related to this matter, or that they engaged in any unconscionable course of conduct.

15.     Pleading further and in the alternative, without waiving the foregoing, Defendants assert that Plaintiffs cannot recover exemplary damages against Defendants pursuant to the provisions of Section 41.001 *et seq*. of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Alternatively, if any exemplary damages were to be awarded, such damages are subject to the

statutory limits set forth in Section 41.001, *et. seq.*, of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, other applicable statutory authority, and common law.  Furthermore, any award of exemplary damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

16.     Furthermore, Defendants assert that each Plaintiff must prove Defendants' liability for exemplary damages, and the amount of exemplary damages, if any, by clear and convincing evidence.

17.     Defendants invoke the provisions of Chapter 304 of the TEXAS FINANCE CODE regarding limitations and restrictions on recovery of pre-judgment and post-judgment interest.

18.     Plaintiffs' claims and the damages they seek are barred because Plaintiffs have failed to comply with or satisfy conditions precedent. More specifically, Plaintiffs are not entitled to attorneys' fees, if any, because they failed to give adequate pre-suit notice to Defendants as required under Sections 542A.003 and 541.154 of the TEXAS INSURANCE CODE.

19.     Without waiving the foregoing and for further answer, if necessary, Defendants have not knowingly or intentionally waived any applicable defense, affirmative or otherwise, and hereby give notice that they reserve the right to assert and rely upon such other applicable defenses as may become available or apparent during this proceeding.  Defendants further reserve the right to supplement and/or amend their answer to Plaintiffs' allegations in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

## PLEA IN ABATEMENT

20.     Pleading further and in the alternative, without waiving the foregoing, Defendants assert that Plaintiffs failed to provide pre-suit notice as required under Sections 541.154 and

542A.003 of the TEXAS INSURANCE CODE. Accordingly, Defendants hereby file a plea in abatement pursuant to Sections 541.155 and 542A.005 of the TEXAS INSURANCE CODE.

### RULE 193.7 NOTICE

21.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants hereby give actual notice to all parties that any and all documents produced may be used against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

### PRAYER

Accordingly, Defendants pray Plaintiffs take nothing by reason of this suit, that Defendants herein be released, discharged and found not liable to Plaintiffs, that the parties go hence with their costs, without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants are justly entitled.

*[signature block on the following page]*

Respectfully submitted,

SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By: */s/ Bruce R. Wilkin*
     **Bruce R. Wilkin**
     Texas Bar No. 24053549
     bwilkin@shackelford.law
     **Savannah H. Benac**
     Texas Bar No. 24110017
     sbenac@shackelford.law
     717 Texas Avenue, 27th Floor
     Houston, Texas 77002
     Phone: (832) 415-1801
     Fax: (832) 565-9030

     ATTORNEYS FOR DEFENDANTS SEDGWICK CLAIMS
     MANAGEMENT SERVICES, INC. AND PATRICK EMBRY

## CERTIFICATE OF SERVICE

     I hereby certify that, on June 11, 2021, a true and correct copy of the foregoing was served on all counsel of record in this lawsuit, in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

René M. Sigman                          *Via electronic service*
Merlin Law Group, P.A.
515 Post Oak Blvd., Suite 510
Houston, TX  77027
rmsdocket@merlinlawgroup.com

                   */s/ Bruce R. Wilkin*
                    Bruce R. Wilkin

6/11/2021 4:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54354142
By: A Davis
Filed: 6/11/2021 4:49 PM

## CAUSE NO. 2021-27728

| | | |
|---|---|---|
| RAMAZAN JAFF and CHONG JAFF | § | IN THE DISTRICT COURT OF |
| DBA LONG POINT PLAZA, | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NAUTILUS INSURANCE COMPANY, | § | |
| BRYANT WILCOX, CRC INSURANCE | § | |
| SERVICES-SCU-DALLAS, SEDGWICK | § | |
| CLAIMS MANAGEMENT SERVICES, | § | |
| INC., PATRICK EMBRY, | § | |
| *Defendants.* | § | 269th JUDICIAL DISTRICT |

### DEFENDANT NAUTILUS INSURANCE COMPANY'S VERIFIED ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant NAUTILUS INSURANCE COMPANY (hereinafter "Defendant") and files this, its Verified Original Answer and Plea in Abatement, and would respectfully show as follows:

### I.   ORIGINAL ANSWER

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiffs' Original Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II.   PLEA IN ABATEMENT

2.     Defendant furthers plead that Plaintiffs failed to give proper notice under Tex. Ins. Code § 542A.003.   Chapter 542A of the Texas Insurance Code applies to Plaintiffs' lawsuit because it is an action on a claim under an insurance policy covering real property that arises from a force of nature.   Specifically, Tex. Ins. Code § 542A.003 requires that Plaintiffs provide written notice to Defendant no later than the 61st day before the date Plaintiffs file an action to which Chapter 542A applies that must include:

1

(1)  a statement of the acts or omissions giving rise to the claim;

(2)  the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3)  the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

3.     Because Plaintiffs failed to provide the required pre-suit notice, "The court shall abate the action of the court finds that the person filing the plea in abatement (1) did not, for any reason, receive a presuit notice complying with Section 542A.003…" Tex. Ins. Code §542A.005.

## III.  542A.007 LIMITATION OF ATTORNEY'S FEES

4.     Failure to satisfy the pre-suit notice requirement of Chapter 542A adversely affects Plaintiffs' ability to recover attorney's fees. If Plaintiff fails to provide proper notice in compliance with Section 542A.003, "[t]he Court may not award to the claimant any attorney fees incurred after the date the defendant files the pleading with the court." TEX. INS.  CODE §542A.007 (West 2017). Plaintiffs failed to provide adequate written notice under Section 542A.003; therefore, Plaintiffs are not entitled to any attorney's fees incurred after the date of the filing of this pleading.

## IV.  DEMAND FOR JURY TRIAL

5.     Defendant demands a jury trial in this case.  Defendant believes the appropriate fee has been tendered by the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendant NAUTILUS INSURANCE COMPANY respectfully prays that Plaintiffs take nothing on their claims against Defendant, that

Defendant recovers its costs, and that it receive such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   /s/ George Arnold
**George H. Arnold**
State Bar No. 00783559
garnold@thompsoncoe.com
**Susan Sparks Usery**
State Bar No. 18880100
susery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Facsimile:   (713) 403-8299

**Attorneys for Defendant**
**NAUTILUS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of June, 2021, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Rene M. Sigman
MERLIN LAW GROUP, PA
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
rmsdocket@merlinlawgroup.com
*Attorney for Plaintiffs*

Bruce R. Wilkin
Savannah H. Benac
SHACKELFORD, BOWEN, MCKINLEY &
   NORTON, LLP
717 Texas Ave., 27th Fl.
Houston, TX  77002
bwilkin@shackelford.law
sbenac@shackelford.law
*Attorneys for Defendants*
*Sedgwick Claims Management Services, Inc.*
*and Patrick Embry*

  /s/ George Arnold
George Arnold

# VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF HARRIS                        §


BEFORE ME, the undersigned notary public, on this day personally appeared George Arnold, being by me duly sworn on his oath deposed and said that he has read the above and foregoing pleading and the statements contained therein are, to the best of his knowledge, information and belief, true and correct.



_____
George Arnold, Attorney


SUBSCRIBED AND SWORN TO BEFORE ME by George Arnold on this _11ᵗʰ_ day of June, 2021, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

PATRICIA A COOK
Notary Public
STATE OF TEXAS
ID# 701826-5
My Comm. Exp. Aug. 01, 2024

4

6/17/2021 6:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54541468
By: F Abdul-Bari
Filed: 6/17/2021 6:00 PM

**NO. 2021-27728**

| | | |
|---|---|---|
| **RAMAZAN JAFF and CHONG JAFF** | § | **IN THE DISTRICT COURT** |
| **DBA LONG POINT PLAZA,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **NAUTILUS INSURANCE COMPANY,** | § | **OF HARRIS COUNTY, TEXAS** |
| **BRYANT WILCOX, CRC INSURANCE** | § | |
| **SERVICES, INC. – SCU – DALLAS,** | § | |
| **SEDGWICK CLAIMS MANAGEMENT** | § | |
| **SERVICES, INC., PATRICK EMBRY,** | § | |
|     **Defendants.** | § | **269TH JUDICIAL DISTRICT** |

**CRC INSURANCE SERVICES, INC.'s ORIGINAL ANSWER**

**TO THE HONORABLE COURT:**

    COMES NOW CRC INSURANCE SERVICES, INC. d/b/a SCU (improperly named herein as "CRC Insurance Services – SCU – Dallas") (hereafter "CRC"), and responds to Plaintiffs' Original Petition as follows:

**GENERAL DENIAL**

    1.    Subject to its rights to seek removal of this action, CRC generally denies all allegations contained in Plaintiffs' Petition, and demands strict proof thereof by a preponderance of the evidence, and/or by clear and convincing evidence.

**SPECIAL DENIALS**

    2.    Without waiving any of the foregoing, CRC would show the following:

        a.    Plaintiffs' claims are barred in whole or in part, or alternatively, should be abated, due to Plaintiffs' failure to satisfy conditions precedent to filing and/or prosecuting this action.

        b.    Plaintiffs' claims are barred in whole or in part, or alternatively, should be abated, as Plaintiffs failed to provide CRC with the notice required by Tex. Ins. Code Sect. 541.154, prior to filing suit against CRC seeking damages under the Texas Insurance Code.

## AFFIRMATIVE DEFENSES

3.      **Sole Proximate Cause.**  CRC would show that it was not an underwriter or an insurance adjuster on any insurance policy issued to any Plaintiff, and had no involvement in the investigation, adjustment, or denial of any claim for loss submitted by any Plaintiff.  If any Plaintiff suffered any uninsured loss as alleged, CRC would show that the sole proximate cause of any resulting damages was actions and/or omissions of one or more persons or entities over whom CRC had no control and for whose conduct CRC is not responsible or legally liable.  CRC therefore asserts sole proximate cause as an affirmative defense to Plaintiffs' claims.

4.      **Arbitration.**  CRC would show that Plaintiffs' authorized insurance agent, Kathryn Sullivan Agency, Inc., signed a CRC Brokerage Agreement whose terms governed the insurance transactions made the basis of Plaintiffs' Petition.  The terms of the CRC Brokerage Agreement apply to each Plaintiff as principal represented by Kathryn Sullivan Agency, Inc. as agent, and also apply under the doctrine of estoppel/direct benefits estoppel, and/or under the third-party beneficiary doctrine.  CRC would show that the insurance transactions made the basis of Plaintiffs' Petition affect interstate commerce (as stated in the CRC Brokerage Agreement), such that the parties' rights to arbitrate are governed by the Federal Arbitration Act (9 U.S.C. § 3 et seq.).  CRC would therefore show that each Plaintiff is obligated to submit all claims asserted against CRC to binding arbitration before the American Arbitration Association in Birmingham, Alabama.  Subject to and without waiving any of its rights to object to or move to vacate any adverse award that the AAA may render against CRC, CRC asserts arbitration as an affirmative defense to each Plaintiff's claims in this action.

5.      **Exclusive Remedy.**  CRC would show that the CRC Brokerage Agreement signed by Kathryn Sullivan Agency, Inc. (as authorized insurance agent for each Plaintiff, as

principal) applies to and governs the insurance transactions made the basis of Plaintiffs' Petition, and to each Plaintiff's claims against CRC.  The Brokerage Agreement displaces any tort duties that might otherwise arise in favor of any Plaintiff, and provides the exclusive remedy for any and all claims Plaintiffs have asserted against CRC arising out of the subject insurance transaction.  CRC therefore asserts the terms of the CRC Brokerage Agreement as an affirmative defense to all of Plaintiffs' claims against CRC.

6.     **Alabama Law**.  CRC would show that the CRC Brokerage Agreement signed by Kathryn Sullivan Agency, Inc. (as authorized insurance agent for Plaintiffs, as principals) states that the law of the state of Alabama shall apply to and govern the rights and obligations of the parties.  CRC would show that Alabama law applies to the subject insurance transactions, and to Plaintiffs' claims against CRC, and displaces any causes of action under statutes or common law of any other state.

7.     **Release / Disclaimer.**  CRC would show that the CRC Brokerage Agreement signed by Kathryn Sullivan Agency, Inc. (as authorized insurance agent for Plaintiffs, as principals) states that: a) CRC assumes no responsibility toward any policy with regard to the adequacy, amount or form of coverage; b) CRC shall have no liability for non-payment of claims due to the insolvency of an Insurer, or otherwise, under contracts of insurance placed by CRC; c) CRC shall be held harmless from any claim asserted against CRC in following the instructions of the Producer; and d) Plaintiffs shall bear the cost of their own attorneys' fees and costs in the arbitration proceeding.  CRC therefore asserts release and disclaimer as affirmative defenses to Plaintiffs' claims.

8.     **Disclaimer.**  To the extent that any Plaintiff alleges that CRC made or breached any representations to any Plaintiff or to its agent (Kathryn Sullivan Agency, Inc.), CRC asserts

the CRC Brokerage Agreement's disclaimer of oral promises or representations as an affirmative defense.  CRC further asserts the CRC Brokerage Agreement's requirement and condition that any promises/representations/modifications must be in writing and executed by CRC as an affirmative defense.

9.      **Notice / Knowledge.**  CRC would show that Plaintiff's personnel and agents (including employees of Kathryn Sullivan Agency, Inc.) had actual and/or constructive notice/ knowledge of all material facts regarding the subject insurance policy text that Plaintiffs now allege were not fully disclosed by CRC.  CRC asserts that such actual and/or constructive notice/ knowledge of persons employed by Plaintiffs' insurance agency is imputed to each Plaintiff, and therefore asserts such notice/knowledge as an affirmative defense to Plaintiffs' claims for misrepresentation or non-disclosure.

10.     **No Reliance.**  CRC would show that in the CRC Brokerage Agreement, and in its other communications, Kathryn Sullivan Agency, Inc. (as authorized insurance agent for each Plaintiff, as principal) agreed to disclaim any reliance upon any representations allegedly made by CRC.  CRC asserts such disclaimers of reliance by Plaintiffs (made by and through their agent, Kathryn Sullivan Agency, Inc.) as affirmative defenses to Plaintiffs' claims against CRC.

11.     **Ratification.**  CRC would show that Plaintiff (acting by and through its personnel and its authorized agency Kathryn Sullivan Agency, Inc.) represented, agreed to accept, and did accept and retain the benefits of the insurance transaction and the terms, conditions, exclusions, and sublimits of the policy made the basis of Plaintiff's Petition.  CRC would therefore show that each Plaintiff has ratified: the subject insurance transaction; CRC's actions in connection with that transaction; and the subject policy.  Further, each Plaintiff has ratified the CRC Brokerage Agreement and obligations thereunder with respect to the subject insurance transactions and to

Plaintiffs' claims against CRC.  CRC therefore asserts ratification as an affirmative defense to Plaintiffs' claims.

12.     **Waiver.**   CRC would show that each Plaintiff (acting by and through its personnel and its authorized agency Kathryn Sullivan Agency, Inc.) by their actions and representations, have waived any rights to complain of the subject insurance transaction or CRC's actions in that transaction.  CRC therefore asserts waiver as an affirmative defense to Plaintiffs' claims.

13.     **Estoppel.**  CRC would show that each Plaintiff (acting by and through its personnel and its authorized agency Kathryn Sullivan Agency, Inc.), by their actions and representations to CRC and others, are estopped to complain against CRC regarding the subject insurance policy or CRC's role in that transaction.  CRC therefore asserts estoppel as an affirmative defense to Plaintiffs' claims.

14.     **Comparative Responsibility.**  If, as Plaintiffs contend, the subject policy failed to provide the terms or limits of coverage allegedly sought by each Plaintiff (through its agency Kathryn Sullivan Agency, Inc.), then CRC asserts that each Plaintiff (acting through its personnel and/or its agency, Kathryn Sullivan Agency, Inc.) failed to exercise ordinary care in applying for, procuring, and evaluating the subject insurance coverage.  CRC asserts such comparative negligence and/or responsibility as an affirmative defense under applicable substantive law, including the statutes and common laws of Alabama, or alternatively Texas law.

15.     **Comparative Responsibility.**  If, as Plaintiffs contend, the subject policy failed to provide the terms or limits of coverage allegedly sought by Plaintiffs (through its agency Kathryn Sullivan Agency, Inc.) and any Plaintiff has suffered any underinsured loss as alleged, CRC would show that any uninsured loss or damages resulted solely from the acts and/or

omissions of one or more persons or entities over whom CRC had no control and for whose conduct CRC is not responsible or legally liable.  Alternatively, CRC would show that such persons or entities constitute responsible third parties as that term is utilized in the Tex. Civ. Prac. & Rem. Code, and requests that the comparative fault and responsibility of such responsible third parties be allocated to reduce the damages recoverable by Plaintiffs in this action.

16.    **Exemplary Damages.**  Without waiving its other objections or defenses, CRC asserts that any award of punitive or exemplary damages sought herein is subject to caps and limitations on the recoverability and/or amount of such damages under the substantive laws of the state of Alabama, or alternatively, the state of Texas, or by the rights to equal protection of law, to due process of law, and to protection against excessive fines and penalties provided by the Constitutions of the State of Alabama, of the State of Texas, and/or of the United States.

17.    **Interest.**  CRC would show that since it is not an insurance carrier, nor an adjuster, it is not liable for: a) interest on any loss or damage under the Insurance Code; nor b) any pre-judgment interest on any damages during any period(s) of abatement of Plaintiffs' claims against CRC.

WHEREFORE, CRC INSURANCE SERVICES, INC. d/b/a SCU (improperly named herein as "CRC Insurance Services, Inc. – SCU – Southern Cross"), subject to its rights to seek removal of this action, respectfully requests that the Court:

- Order the dismissal of CRC from this action, or alternatively,
- Order all of Plaintiffs' claims against CRC to binding arbitration in accordance with the CRC Brokerage Agreement, and stay these proceedings; and
- Award CRC all costs of Court, and other appropriate relief to which it is entitled pursuant to the terms of the CRC Brokerage Agreement and/or applicable law.

Respectfully submitted,

**SUTTER & KENDRICK, P.C.**


By:   */s/ Paul K. Nesbitt*
        **PAUL K. NESBITT**
        Texas Bar No. 14920500
        3050 Post Oak Blvd., Suite 200
        Houston, Texas  77056
        Telephone:     713-595-6000
        Facsimile:     713-595-6001

**ATTORNEYS FOR CRC INSURANCE SERVICES, INC. d/b/a SCU (improperly named herein as "CRC Insurance Services – SCU – Dallas")**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of June, 2021, the foregoing document was electronically sent: 1) to an authorized electronic-filing service provider, which sent a confirmation notice of service upon counsel of record noted below pursuant to Tex.R.Civ.P. 21a(b)(3); and 2) to counsel of record at the below email address pursuant to Tex.R.Civ.P. 21a(2).

René M. Sigman               **<u>Via Email: rmsdocket@merlinlawgroup.com</u>**
Merlin Law Group, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas  77027

George Arnold               **<u>Via Email: garnold@thompsoncoe.com</u>**
Thompson Coe
One Riverway, Suite 1400
Houston, Texas 77056

Bruce R. Wilkin             **<u>Via Email: bwilkin@shackelford.law</u>**
Shackelford, Bowen, McKinley & Norton, LLP
717 Texas Ave., 27th Floor
Houston, Texas 77002


*/s/ Paul K. Nesbitt*
**PAUL K. NESBITT**